**Michael David LENDAHL, Petitioner–Appellant,**

v.

**PALOSAARI, Warden ASPC Douglas and State of Arizona Attorney General, Respondents–Appellees.**

No. 09–15496.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2010.

Filed Nov. 9, 2010.

---

* The panel unanimously concludes this case is suitable without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kurt Michael Altman, Kurt M. Altman, P.L.C., Attorney at Law, Scottsdale, AZ, for Petitioner–Appellant.

Michael David Lendahl, pro se.

Sherri Tolar Rollison, Esquire, Assistant Attorney General, Office of the Attorney General, Phoenix, AZ, for Respondents– Appellees.

Before: THOMAS and IKUTA, Circuit Judges, and RESTANI, Judge.*

## MEMORANDUM **

Although Lendahl exhausted his claim that his sentence was improperly enhanced because a judge, not a jury, found the facts underlying the enhancement, we affirm the district court's denial of his federal habeas petition. The state court's denial of Lendahl's claim was not an unreasonable application of clearly established Federal law, because no Supreme Court precedent clearly establishes that a prior conviction must be proved to a jury when it is used as a sentencing factor. See Almendarez–Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Further, Lendahl's claim that he did not knowingly and intelligently waive his right to a jury determination of any aggravating factors is unavailing, given that Lendahl's plea agreement and colloquy reflect that he knew and understood his jury-sentencing rights, consulted his attorney regarding those rights and the consequences of waiving them, and then

* The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

agreed, orally and in writing, to give up those jury-sentencing rights.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.